[Cite as *State v. Baffoe*, 2026-Ohio-1493.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAC 10 0086 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Delaware Municipal Court, Case No. 24CRB00365 |
| SAMUEL BAFFOE | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: April 23, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Kevin W. Popham, Judges

**APPEARANCES:** Tyler A. Sanders, Assistant Prosecutor, for Plaintiff-Appellee; Jonathan W. Klein, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1} Defendant-appellant Samuel Baffoe appeals the September 2, 2025 Journal Entry entered by the Delaware Municipal Court, which found him guilty of one count of menacing by stalking, following a bench trial. Plaintiff-appellee is the State of Ohio. We affirm the trial court.

STATEMENT OF THE CASE

{¶2} On April 22, 2025, Appellant was charged with one count of menacing by stalking, in violation of R.C. 2903.211(A)(1), a misdemeanor of the first degree. Appellant appeared before the trial court for arraignment on July 7, 2025, but would not enter a

plea.  Appellant explained, "I cannot enter a plea at this time because I haven't had enough (inaudible) to consult, have counsel." Transcript of July 7, 2025 Arraignment at p. 4.  The trial court entered a plea of not guilty on his behalf. Appellant objected "to having any plea entered on [his] behalf." *Id*. at p. 5.

**{¶3}**  Prior to the trial court going on the record at the July 31, 2025 pretrial, Appellant advised, "I continue to take my stance that I am not the Defendant." Transcript of July 31, 2025 Pretrial at p. 3.  Once on the record, the trial court stated, "Mr. Baffoe is the Defendant."  *Id*.  Appellant responded:

> I am not Mr. Baffoe. I am Samuel, one member of the Baffoe family. My name is Samuel.
>
> * * *
>
> I don't go by last names, consistent with my faith, as a Christian.  If you look in the bible, you'll only find genealogies that * * * refer to my first name.
>
> * * *
>
> I am not a Defendant of anything.  I continue to insist that I am not the Defendant.
>
> *Id*. at pp. 3-4, 8.

**{¶4}**  Following the pretrial, the State filed a request, asking the trial court to appoint stand-by counsel for Appellant. The State explained:

The basis for this request is that during the Final Pre-trial on July 31, 2025, [Appellant] indicated that he was unsure about what he wanted to do in the case while seating [sic] in the hallway, when presented with the option of continuing the case for an attorney, or pleading to the charges. Once on record in the case, [Appellant] still was not sure what he was doing but unequivocally stated that he did not want to represent himself in the matter, but wanted to preserve his constitutional rights, but not affirmatively answer questions posed by the Court or Court staff. Standby Counsel can at least be available to [Appellant] during the trial so as to answer legal questions and be a resource through the trial process. * * * [Appellant] has not requested nor has been provided with the available discovery in the case. * * * [Appellant] has not requested a jury trial in this case * * *.

July 31, 2025 State's Request for Appointment of Standby Counsel and Notice that Defendant has not filed a Jury Demand at pp. 1-2, unpaginated.

**{¶5}** The trial court granted the State's request and appointed Attorney Carlos Crawford to represent Appellant as stand-by counsel. At the final pretrial on August 28, 2025, Appellant repeated the same assertions: "I only have a name that is Samuel;" "I'm here by special – special appearance;" "I am being subject to involuntary servitude;" and "I'm not the Defendant." Transcript of August 28, 2025 Final Pretrial at pp. 3, 4, and 5. The matter proceeded to bench trial on September 2, 2025.

**{¶6}** Once on the record, the trial court asked Appellant if he had a chance to speak with Attorney Crawford. The following exchange took place:

[APPELLANT]: For the record, I'm the man –

THE COURT: Have you had a chance to talk to Mr. Crawford?

[APPELLANT]: I'll answer all your – all your questions. Just a moment, Your Honor. I am the man who has been detained by the Delaware County Sheriff, deprived of life, property and – I was deprived of life, liberty and property.

I'm here by special appearance. This is my fifth special appearance. I'm not to be construe (sic) with one Mr. Baffoe that I've persistently protested and petition and protested this Court that I am not and continue to do so. I'm the man who has been subjected to involuntary servitude.

THE COURT: I'm aware of who you are, sir. Have you had a chance to talk to Mr. Crawford?

[APPELLANT]: Sir, I'll answer your questions. Just a moment to identify who I am and not who you're call me to –

[THE COURT]: You've already identified yourself. We don't –

* * *

-- need to – we don't need to go any further with that. Have you had a chance to talk with Mr. Crawford?

[APPELLANT]: I don't know who that is. I –

* * *

I haven't requested for any – anyone –

* * *

THE COURT: Right. For the record, Mr. Baffoe's had the opportunity to consult with counsel. He is refusing to do so. Therefore, we're going to proceed with the trial. Is the State ready to proceed?

* * *

[APPELLANT]: I do want to inform you, this Court, that I don't feel competent to be here *today*.

THE COURT: You don't feel what?

[APPELLANT]: Competent and I am not in good health.

THE COURT: You don't feel – you don't feel competent in what way?

[APPELLANT]: *I am not in good health.* I just recently had a medical procedure and I am –

* * *

I had laser eye surgery and –

* * *

About two to three weeks ago.

* * *

No, I'm in the recovery phase. I had a medical incident where I was basically passed out this weekend.

* * *

I passed out this weekend. I actually have fainted, and I need to be – sit in a chair. So –

(Emphasis added.) Trial Transcript at pp. 4-8.

{¶7} The trial court informed Appellant he could remain seated during the proceedings and offered him a bottle of water. Appellant continued:

> Okay. Well, I have informed the Court that I'm not in good health and I don't feel competent to be here today. And I've also made it clear that I am not that one Mr. Baffoe.
>
> *Id*. at p. 9.

{¶8} The trial court found for the record Appellant was "doing all these things as a – delay tactic." *Id*. The trial court again offered Appellant a bottle of water. Thereafter, the State called its first witness. Appellant interrupted the Prosecutor throughout the State's presentation of evidence, claiming violations of his Constitutional rights. Appellant asserted he did not know what court he was in or what jurisdiction, adding, "Without identifying the jurisdiction of this Court to me, I am not able to observe it." *Id*. at p. 19. In the middle of the victim's testimony, Appellant interjected:

> I don't know what's going on. This was (Inaudible). If – if, you know, if I'm being trial (sic) here, I have to be served properly, given a reasonable amount of time to do my discovery, do all those things.
>
> *Id*. at pp. 40-41.

{¶9} Appellant's outbursts continued throughout the remainder of the trial. The trial court provided Appellant with the opportunity to cross-examine witnesses, however, he refused to do so.

{¶10} After hearing the evidence, the trial court found Appellant guilty as charged. The trial court immediately proceeded to sentencing and ordered Appellant to serve a jail term of 180 days, but suspended 165 days. The trial court memorialized Appellant's conviction and sentence via Final Judgment Entry filed September 2, 2025.

{¶11} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED BY FAILING TO ORDER A COMPETENCY EXAMINATION FOR THE DEFENDANT.

I

{¶12} In his sole assignment of error, Appellant contends the trial court erred in failing to order a competency examination. We disagree.

{¶13} We review the decision of the trial court regarding whether to order a competency evaluation for an abuse of discretion. *State v. Jefferson*, 2022-Ohio-3448, ¶ 38 (5th Dist.), citing *State v. Dye*, 1999 WL 770619 (5th Dist.). In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} In determining whether a defendant is competent to stand trial, the test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." (Citations and internal quotations omitted.) *State v. Jefferson*, 2022-Ohio-3448, ¶ 39 (5th Dist.).

{**¶15**} A defendant is presumed competent. R.C. 2945.37(G); *State v. Jordan*, 2004-Ohio-783, ¶¶ 28-29. But when there is reasonable cause to doubt a defendant's competency to waive the right to counsel or to stand trial, the trial court must make a sufficient inquiry before proceeding in order to protect the defendant's due process right to a fair trial. *Id*. at ¶ 29; *United States v. Coleman*, 871 F.3d 470, 475 (6th Cir. 2017); *State v. Were*, 2002-Ohio-481, paragraph two of the syllabus.

{**¶16**} Prior to the commencement of trial, Appellant advised the trial court, "I don't feel competent to be here *today*." (Emphasis added.) Trial Tr. at p. 6. The trial court questioned, "You don't feel what?" *Id*. at p. 7. Appellant responded, "Competent and I am not in good health." *Id*. The trial court inquired further, "you don't feel competent in what way?" *Id*. Appellant answered, "I am not in good health. I just recently had a medical procedure." *Id*. Appellant's assertion he was not competent was limited to "today" and the fact he was not in good health. Appellant did not manifest any observable signs of incompetency during the course of the proceedings. Appellant did not claim he was not capable of understanding the charges against him or the proceedings. In addition, at his arraignment, Appellant specifically stated, "I cannot enter a plea at this time because I haven't had enough (inaudible) to consult, have counsel." Transcript of July 7, 2025 Arraignment at p. 4. Appellant also objected to the trial court entering a plea on his behalf. This statement and subsequent objection, likewise, support our conclusion Appellant understood the proceedings. We find the trial court did not abuse its discretion in failing to order a competency evaluation.

{**¶17**} Furthermore, the trial court appointed Attorney Carlos Crawford as stand-by counsel for Appellant. Attorney Crawford did not raise the issue of Appellant's competency at any point during the trial despite observing Appellant's behavior. Attorney

Crawford's silence after observing Appellant's behavior and not raising the issue of competency further supports our finding the trial court did not abuse its discretion in not ordering a competency evaluation.

{¶18} As set forth in our Statement of the Case, supra, Appellant frequently interrupted the trial court, the prosecutor, and the witnesses. Appellant questioned the jurisdiction and authority of the court, maintained he was being tried as someone else and was not the defendant, claimed his constitutional rights were being violated, and declined to be referenced by his legal name. The record does not support the trial court's failure to sua sponte order a competency evaluation was an abuse of discretion.

{¶19} Appellant's sole assignment of error is overruled.

{¶20} The judgment of the Delaware Municipal Court is affirmed.

{¶21} Costs to Appellant.


By: Hoffman, P.J.

Baldwin, J. and

Popham, J. concur.